1
2
3
4
5
6 # UNITED STATES DISTRICT COURT
7 ## EASTERN DISTRICT OF CALIFORNIA
8

9 ROGELIO MAY RUIZ,

10               Plaintiff,

11    v.

12 J. CURRY,

13               Defendant.

14

| | |
|---|---|
| | **1:17-cv-01407-DAD-SKO (PC)** |
| | **FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO STATE A CLAIM** |
| | **(Docs. 24, 27)** |
| | **TWENTY-ONE (21) DAY DEADLINE** |

15 **I.**    **Findings**

16      **A.**    **Background**

17      Plaintiff, Rogelio May Ruiz, is a former state prisoner proceeding *pro se* and *in forma*

18 *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 17, 2018, the Second

19 Screening Order issued, finding that Plaintiff's First Amended Complaint failed to state any

20 cognizable claims and granted leave for Plaintiff to file a second amended complaint.  (Doc. 22.)

21 Plaintiff's Second Amended Complaint ("SAC") is before the Court for screening.  (Doc. 24.)

22 Despite receiving the applicable standards, Plaintiff fails to state any cognizable claims, and this

23 action should be dismissed.

24      **B.**    **Screening Requirement**

25      The Court is required to screen complaints brought by prisoners seeking relief against a

26 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

27 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

28

frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint must be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) a right secured by the Constitution or laws of the United States was violated and (2) the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.  Summary of the Second Amended Complaint

Plaintiff, who is currently housed at Kern Valley State Prison ("KVSP"), complains of incidents that occurred when he was housed at the Substance Abuse Treatment Facility ("SATF"). Plaintiff names Correctional Officers J. Curry and R. Mobert as the defendants in this action. Plaintiff's allegations are brief. (*See* Doc. 24, pp. 3-4.) Plaintiff alleges he was arrested on December 4, 2103. C/O Mobert never brought Plaintiff's personal property to Plaintiff even though C/O Mobert was in charge of all inmates' property. Plaintiff alleges that C/O Curry never brought any of Plaintiff's personal property to Plaintiff while he was "in the hole." When Plaintiff was placed in the hole, C/O Hernandez (not identified as a defendant) told Plaintiff that

the only property Plaintiff had was a magazine, some documents, and only one receipt of purchase of a package. Plaintiff alleges that C/O Curry falsified a form list of property and signed Plaintiff's name, and that C/O Curry lost all of Plaintiff's property and receipts for packages that he had purchased. Plaintiff states that he does not have any of the receipts for his packages. Plaintiff alleges he filed an inmate appeal on this issue and received a Second Level response indicating "that they submitted a request to CSATF, Corcoran." Plaintiff is now waiting for a response from the Third Level on his appeal. Plaintiff also alleges that C/O Mobert does not comply with his job duties and must request Plaintiff's property from C/O Curry, which C/O Mobert has not done. Plaintiff seeks return of his property and that new packages be ordered for him.

Plaintiff was previously given the applicable standards for the claims raised in this action and informed of deficiencies in his factual allegations. Despite this, the SAC does not state any cognizable claims. Plaintiff's allegations in the SAC make it clear that Plaintiff is unable to state a cognizable claim on these circumstances, justifying dismissal of this action.

### D. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, at 678; *see also Moss v. U.S.*

*Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### E.    Claims for Relief

#### 1.    Fourteenth Amendment – Due Process

Plaintiff's allegations are based on his inability to obtain, or get reimbursed for his personal property and "packages" he had purchased.

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural

protections," *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing *Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

Plaintiff's allegations in the SAC reveal that the deprivation of which he complains was not authorized. A state prisoner has no cause of action under 42 U.S.C. § 1983 for an unauthorized deprivation of property, either intentional or negligent, by a state employee if a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-817 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Further, even if C/O Curry's failure to return Plaintiff's property and receipts was authorized and therefore actionable under section 1983, Plaintiff does not allege any facts to suggest he was deprived of due process. Plaintiff thus does not, and apparently cannot, state a cognizable claim for deprivation of his personal property and receipts for "packages" he purchased and of which he has been deprived.[1]

### 2. State Law Claims

#### a. Government Claims Act

Under the California Government Claims Act ("CGCA"),[2] set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation," *City of San Jose v. Superior Court*,

---

[1] Nothing in this order should be construed to prohibit Plaintiff from pursuing his claims in a state venue if he has complied with the government claims act discussed in the following section. His allegations simply do not amount to a violation of his rights under 42 U.S.C. § 1983, or any other claim within the jurisdiction of a federal court.

[2] The Government Claims Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

12 Cal.3d 447, 455 (1974) (citations omitted), and "to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the Act are satisfied," *Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal*., 730 F.3d 1111, 1125 (9th Cir. 2013). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004). In the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239 (fn.omitted).

Federal courts likewise must require compliance with the CGCA for pendant state law claims that seek damages against state public employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008). Plaintiff fails to state any allegations showing his compliance with the CGCA so as to be allowed to pursue claims for having been wrongfully deprived of his property.

### b.    Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc*., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Herman*

*Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001); *see also Watison v. Carter*, 668 F.3d 1108, 1117-18 (9th Cir. 2012) (even in the presence of cognizable federal claim, district court has discretion to decline supplemental jurisdiction over novel or complex issue of state law of whether criminal statutes give rise to civil liability).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  Thus, regardless of whether Plaintiff has complied with the CTCA, jurisdiction over his claims under California law should not be exercised because Plaintiff fails to state a cognizable federal claim, thereby precluding supplemental jurisdiction.

### F.    Exhaustion of Administrative Remedies

It is apparent from the face of the SAC that Plaintiff did not exhaust available administrative remedies prior to filing suit in violation of 41 U.S.C § 1997e(a).  The Prison Litigation Reform Act of 1995 requires that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  The exhaustion requirement applies to all suits relating to prison life.  *Porter v. Nussle*, 435 U.S. 516 (2002).  Exhaustion under § 1997(e) is an affirmative defense, *Jones*, at 216, most commonly raised by a defendant in a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, *Albino v. Baca*, 747 F.3d 1162, 1169-70 (9th Cir. 2014).

However, "the PLRA mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit."  *Jones*, at 202.  Exhaustion is an issue of "judicial administration" that is "appropriately decided early in the proceeding."  *Albino,* at 1170 (citing *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938) (referring to the "long-settled rule of judicial administration that no one is entitled to

judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted"). Where, as here, a prisoner's failure to exhaust is clear from the face of the complaint, it is properly addressed at screening for failure to state a claim upon which relief could be granted. *Albino*, at 1168-69.

Plaintiff checked the boxes indicating there are administrative remedies available at his institution and that he submitted a request for administrative relief on his claims. (Doc. 24, pp. 3-4.) However, Plaintiff did not check either box to indicate whether he appealed his claims to the highest level; nor did he provide any explanation for failure to do so. (*Id.*) In his allegations, Plaintiff also indicated that he filed an inmate appeal 602 on his inability to obtain his personal property and receipts for packages he purchased. (*Id.*, p. 3.) However, he also alleges that, at the time he filed the SAC, he was awaiting the response of the Third Level review. (*Id.*) Plaintiff cannot proceed in this action because he did not comply with 42 U.S.C. § 1997e(a) before filing suit. Although failure to exhaust available administrative remedies generally results in dismissal without prejudice, Plaintiff's failure to state a cognizable claim requires that this action be dismissed with prejudice as to any further claims based on the incidents of which he complains.

### G. Miscellaneous Motion

On August 20, 2018, Plaintiff filed a document detailing various unfruitful efforts he has taken to obtain copies of receipts for packages he purchased at CSATF and CSP-Cor. (Doc. 27.) Plaintiff requests the Court's assistance in obtaining them and states that he has filed CDCR Form 22s and an inmate appeal, but has been unable to obtain the required receipts as evidence in this case. Plaintiff's request is construed as a motion for injunctive relief.

As an initial matter, Plaintiff has not stated a cognizable claim upon which relief may be granted. Thus, there is no actual case or controversy before the Court at this time and the Court lacks the jurisdiction to issue the order Plaintiff seeks. *Summers v. Earth Island Institute*, 129 S.Ct. 1142, 1149 (2009); *Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1119 (9th Cir. 2009); 18 U.S.C. § 3626(a)(1)(A)). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* The seriousness of Plaintiff's accusations concerning access to his personal property and receipts for purchases of packages cannot and do not

overcome what is a *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") This action is simply not the proper vehicle for conveyance of the relief Plaintiff seeks.[3]

Further, requests for prospective relief are limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court ensure the relief "is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

Similarly, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to any cognizable legal claims upon which it might proceed. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969. The Court cannot order prison personnel in general to engage in, or refrain from, specific acts.

Finally, the claims which Plaintiff asserts in this action arise from events that allegedly occurred at SATF. However, after filing this action, Plaintiff was transferred and is currently housed at KVSP. Plaintiff thus lacks standing to seek relief directed at remedying his current conditions of confinement at KVSP. Further, to the extent Plaintiff's motion seeks relief to remedy past conditions of confinement for the time he was at SATF, it was rendered moot on his transfer to KVSP. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). Thus, to the extent Plaintiff's motion seeks preliminary injunctive relief, it must be denied. Even if there were basis on which to entertain Plaintiff's motion, it would not save this action from dismissal since, for the reasons discussed above, Plaintiff's factual allegations do not state a cognizable claim for violation of his federal rights.

---

[3] Plaintiff's motion also fails to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4 (2008). However, it is unnecessary to reach the merits of Plaintiff's motions in light of the fact that the jurisdictional issue is fatal to his requests for relief. *Summers*, 555 U.S. at 493; *Mayfield*, 599 F.3d at 969.

## II.    __CONCLUSION__

Plaintiff's Second Amended Complaint fails to state any cognizable claims.  Given that the Plaintiff was provided the applicable pleading requirements and legal standards for his claims in the prior screening order, it is futile to allow further amendment.  Plaintiff should not be granted leave to amend as the defects in his pleading are not capable of being cured through amendment.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed with prejudice based on Plaintiff's failure to state a cognizable claim and that Plaintiff's motion for relief, filed on August 20, 2018, (Doc. 27), be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  __Within twenty-one (21) days__ after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   __January 3, 2019__             /s/ *Sheila K. Oberto*

                                       UNITED STATES MAGISTRATE JUDGE