1
2
3
4
5
6
7
8    UNITED STATES DISTRICT COURT
9    EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  ROGELIO MAY RUIZ, | 1:17-cv-01407-DAD-SKO (PC) |
| 12      Plaintiff, | |
| 13    v. | ORDER DENYING PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME AND FOR APPOINTMENT OF COUNSEL |
| 14  J. CURRY, | |
| 15      Defendant. | (Docs. 32, 33) |
| 16 | |

17    On February 6, 2019, Plaintiff filed a motion seeking the appointment of counsel, (Doc.

18  33), and a motion seeking an extension of time to file objections to the Findings and

19  Recommendations to dismiss this action based on Plaintiff's failure to state a cognizable claim

20  (Doc. 32).

21    Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v.*

22  *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to

23  represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for*

24  *the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional

25  circumstances the Court may request the voluntary assistance of counsel pursuant to section

26  1915(e)(1). *Rand*, 113 F.3d at 1525.

27    Without a reasonable method of securing and compensating counsel, the Court will seek

28  volunteer counsel only in the most serious and exceptional cases. In determining whether

1

"exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot determine that Plaintiff is likely to succeed on the merits and, in fact, as discussed in the Findings and Recommendation, Plaintiff's claims are not properly raised in this court since they are based on deprivation of property for which state law provides adequate remedy. Even an attorney will not be able to state cognizable claims on the events Plaintiff alleges in this action.

Plaintiff bases his request for an extension of time on difficulty obtaining copies of 48 pages of documents to file in objection to the pending Findings and Recommendation. Plaintiff indicates that he gave his objections to prison staff for copying, but that they were returned to him uncopied a few days later and were not sent to the Court. However, a 51-page document titled as Plaintiff's objections was timely received and filed. (Doc. 31.) Thus, it appears that though Plaintiff did not realize it, his documents for objecting to the Findings and Recommendation were copied and filed -- eliminating the need for any extension of time. Further, to the extent that Plaintiff seeks an extension to copy documents proving he exhausted administrative remedies, his motion is unnecessary since exhaustion has not been raised as an issue in this action.

For the foregoing reasons, Plaintiff's motions filed February 6, 2019, for appointment of counsel (Doc. 33) and for an extension of time to file objections to the Findings and Recommendation (Doc. 32) are DENIED.

IT IS SO ORDERED.

Dated:   **February 8, 2019**            /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE

2