1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROGELIO MAY RUIZ,                       No. 1:17-cv-01407-DAD-SKO (PC)

12                    Plaintiff,

13         v.                                 ORDER FINDING APPEAL NOT TAKEN IN
                                              GOOD FAITH
14    J. CURRY,

15                    Defendant.

16

17          Plaintiff Rogelio May Ruiz is a state prisoner proceeding *pro se* and *in forma pauperis* in

18    this civil rights action filed pursuant to 42 U.S.C. § 1983.  On February 25, 2019, the court

19    dismissed the action, concluding that plaintiff had failed to state a cognizable claim.  (Doc. No.

20    35.)  On March 22, 2019, plaintiff filed a notice of appeal.  (Doc. No. 37.)  On July 29, 2019, the

21    United States Court of Appeals for the Ninth Circuit referred the matter to this court for a

22    determination, under Federal Rule of Appellate Procedure 24(a), whether plaintiff's appeal is

23    frivolous or taken in bad faith.  (Doc. No. 41.)

24          An appeal is taken in good faith if the appellant seeks review of any issue that is not

25    frivolous.  *Gardner v. Pogue*, 558 F.2d 548, 550–51 (9th Cir. 1977) (citing *Coppedge v. United

26    States*, 369 U.S. 438, 445 (1962)); *see also Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir.

27    2002) (if at least one issue or claim is non-frivolous, the appeal must proceed *in forma pauperis*

28    as a whole).  A frivolous action is one "lacking [an] arguable basis in law or in fact."  *Franklin v.*

                                              1

*Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

The court dismissed this action due to plaintiff's failure to state a cognizable claim with respect to events which allegedly resulted in deprivation of his property. As a state prisoner, plaintiff cannot state a cognizable claim for an unauthorized deprivation of property under 42 U.S.C. § 1983 because a suitable post-deprivation remedy is available to him under state law. *See Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post[-]deprivation remedy. California Law provides an adequate post-deprivation remedy for any property deprivations.") (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) and California Government Code §§ 810–95). Plaintiff also cannot proceed on a cause of action under California law because he did not allege compliance with the California Government Claims Act, which requires plaintiff to have first presented his claim to the California Victim Compensation and Government Claims Board. (Doc. No. 28 at 5–6); *see also Munoz v. State of California*, 33 Cal. App. 4th 1767, 1776 (1995). Jurisdiction was not exercised over plaintiff's claims under California law because he failed to state a cognizable claim, which precluded this court's exercise of its supplemental jurisdiction.

Plaintiff's notice of appeal repeats various of his allegations, which were previously considered and found wanting by this court. The undersigned can discern no basis for appeal in this case other than plaintiff's mere disagreement with the court's ruling, which does not suffice to demonstrate good faith or merit. This is particularly so, since plaintiff was twice provided the applicable pleading standards with regard to his claim by the court and was also provided the opportunity to correct the noted deficiencies in his pleadings.

/////

/////

/////

/////

2

Accordingly:

1.  Pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A), the court finds that the appeal is not taken in good faith; and

2.  Pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), the Clerk of the Court is directed to serve this order on plaintiff and the U.S. Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **August 5, 2019**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE