UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. CURRY,<br><br>　　　　　Defendant. | No. 1:17-cv-01407-DAD-SKO (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND APPOINTMENT OF COUNSEL<br><br>(Doc. No. 46) |

　　　　Plaintiff Rogelio May Ruiz is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On February 25, 2019, the undersigned adopted the findings and recommendations issued by the assigned magistrate judge (Doc. No. 28), dismissing this action for failure to state a cognizable claim for relief.  (Doc. No. 35.)  Judgment was entered on February 25, 2019.  Plaintiff appealed the court's order to the Ninth Circuit Court of Appeals.  (Doc. No. 37.)  On November 22, 2019, the Ninth Circuit dismissed plaintiff's appeal as frivolous.  (Doc. Nos. 43, 44.)

　　　　On June 24, 2020, plaintiff filed a motion for reconsideration and for appointment of counsel.  (Doc. No. 46.)  Plaintiff appears to have previously filed a similar motion in the Ninth Circuit, which issued an order on February 14, 2020 stating "[w]e treat Ruiz's motion (Docket

Entry No. 12) as a motion for appointment of counsel and as a motion for reconsideration, and reject the motion as untimely. *See* 9th Cir. R. 27-10. No further filings will be entertained in this closed case." (Doc. No. 45)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

/////

Here, plaintiff's motion does not identify any basis under Rule 60(b) for this court to reconsider its finding that plaintiff failed to state a cognizable claim for relief under applicable law.  Moreover, plaintiff did not file his Rule 60 motion "within a reasonable time" as required; rather, he filed the pending motion for reconsideration sixteen months after this court dismissed his action.  Plaintiff's motion for reconsideration will therefore be denied as frivolous and untimely.  Because the court will deny plaintiff's motion for reconsideration, his request for appointment of counsel is denied as having been rendered moot.

Accordingly,

1. Plaintiff's motion for reconsideration and appointment of counsel (Doc. No. 46) is denied;
2. This case shall remain closed; and
3. No further filings will be entertained in this closed case.

IT IS SO ORDERED.

Dated:   **July 13, 2020**                                   _____
                                                                                UNITED STATES DISTRICT JUDGE